## Commonwealth v. Klingensmith

*Robert Banks,* for Commonwealth.

*P. Raymond Bartholomew* and *Donald E. Williams,* for defendant.

ACKER, J., April 19, 1972.—This matter arrives for decision through a petition for a writ of certiorari.

The contentions of petitioner are that he was afforded no hearing and that he posted funds which were utilized without his knowledge or consent by the district magistrate to pay a fine and costs when there was no hearing to determine guilt. Petitioner appeared at the hearing prepared to testify that the notice of the second hearing of Tuesday, April 16, 1970, read at 1:30 a.m. His attorney proferred that petitioner was, in fact, present at that hour prepared to go forward with the hearing, but that the Commonwealth did not appear. This testimony was not received for it is dehors the record.[1]

The history of the matter is that on the twelfth day of September, 1969, petitioner was the subject of sworn information by a police officer before a District Justice of the Peace, Donald L. Buckle, in Mercer, charging petitioner of driving through an intersection while the traffic light was red in his direction, being an alleged violation of section 1028, subsection (a) of The Vehicle Code of the Commonwealth of Pennsylvania. This violation allegedly occurred on the tenth day of that

---

[1] There is authority that the conduct of the district magistrate can be shown by depositions where the proceedings before the district magistrate are illegal and erroneous and where this appears upon the face of the record. In the case at bar, the record shows no error as to whether a hearing was held: Pennsylvania Valentine—Binns Justice, Section 7.14, page 17.

same month two days before the filing of the information.

By certified mail sent to defendant on September 15, 1969, a notice to appear apprised petitioner of the charge, but there was no response.

The district magistrate then issued a warrant on November 6, 1969, which was served by the Pennsylvania State Police from the New Castle Substation again informing petitioner, as did the initial notice, to appear, that the fine would be $5 and the costs $5, but adding that a bond would be required in the amount of $40 for hearing. Defendant requested a hearing and posted bond in that amount.

A trial as was requested was scheduled and notice was given by letter dated April 2, 1970, for a hearing scheduled for April 16, 1970, at which the district magistrate in his return noted that petitioner failed to appear. A copy of the notice is attached to the original papers, however, which indicates that petitioner is correct in his position that the notice showed the hearing to be at 1:30 a.m.

The district magistrate then sent by certified mail to petitioner on May 26, 1970, a notice rescheduling the trial for June 11, 1970, at 10 a.m. Petitioner signed for this notice through certified mail on May 27, 1970. Petitioner failed to appear.

On June 29, 1970, the district magistrate forfeited the bond for trial and cleared the case from his docket. Five dollars of the bond was assigned for what the district magistrate labeled payment of the fine and $10 for the payment of the costs. The remainder of the bond posted by petitioner was returned to him by a check in the amount of $25. The arresting officer, Trooper Kenneth L. Olexa, of the Pennsylvania State Police, was notified of the bond being forfeited and a notice was sent to the Department in Harrisburg.

Photocopies of the checks representing the total $40 posted shows that petitioner's check was dated June 29, 1971, and was marked thereon "Refund of forfeited bond" while the check made to the County of Mercer for $15 stated "Forfeited bond posted by Joseph R. Klingensmith." The checks, therefore, do not inform the reader that the district magistrate found petitioner guilty and assessed fine and costs.

Petitioner requested a transcript which was furnished by the district magistrate by registered mail on December 10, 1971, and on December 23, 1971, the present petition for writ of certiorari was filed with this court and the certiorari issued to the district magistrate on December 27, 1971.

There is no explanation of why petitioner delayed between the receipt of his proportionate share of the bond which was forfeited on or about June 29, 1971, and the filing of the petition for writ of certiorari almost six months later.

The authority to require the issuance and compliance with a writ of certiorari is contained in article V, sec. 26, of the Pennsylvania Constitution which is implemented in the Minor Judiciary Court Appeals Act of December 2, 1968 (No. 355), sec. 6, 42 PS §3006. However, a limitation upon the period of appeal of 20 days after judgment was rendered is retained by the Act of March 20, 1810, P. L. 208, 5 Sm. L. 161, sec. 21, 42 PS §951. We do not·deny review here because of the statute. Nor is the doctrine of laches of any assistance to the Commonwealth, although the doctrine of laches may be applicable to an application for a writ of certiorari.[2] The mere passage of time in itself does not establish laches.[3] The Common-

---

[2] Mancuso v. Pultrosky, 27 Lack. Jur. 166 (1926).

[3] In Commonwealth v. Colon, 12 Lebanon Leg. J. 112 (1967), a petition for a writ of certiorari was dismissed since the court held

wealth has failed to establish any injustice by petitioner's delay.

Here, admittedly, there was never a judgment, but only a forfeiture. Defendant was never notified of a judgment to start the appeal period. This then raises the further question of whether a writ of certiorari is applicable in the event that a judgment has never been rendered.[4]

However, this court is not required to decide the troublesome issue of whether a writ of certiorari is the proper avenue to bring this matter for further consideration for, by the merits of the case, petitioner must lose. His basic proposition is that he was found guilty of the charge without a hearing. The record belies the allegation. There was merely a forfeit which at the time at least was authorized by The Vehicle Code. The district magistrate by section 1202[5] was authorized to issue a warrant to be served upon petitioner in Lawrence County. Forfeiture of bail and its proper disposition is provided by section 1301 of the code.[6] Rather than forfeit the entire $40, the magis-

---

that it could not review the records of a justice of the peace in a summary violation unless a hearing was held, waived or default occurred. Under that authority, the forfeiting of bond would be in the category of a default.

[4] Laches arises where a defendant's position or rights are so prejudiced by length of time and inexcusable delay plus attendant facts and circumstances that it would be an injustice to permit presently the assertion of a claim against him. The essence of the claim of laches is an estoppel as a result of prejudicial delay: Stahl v. First Pennsylvania Bank and Trust Co., 411 Pa. 121, 191 A. 2d 386 (1963).

[5] Act of April 29, 1959, P. L. 58, sec. 1202, as amended 75 PS §1202.

[6] Act of April 29, 1959, P. L. 58, sec. 1301, as amended 75 PS §1301.

trate required him to pay only $15, being the equivalent of the statutory fine and costs. Petitioner cannot complain about that.

The reason petitioner's contention cannot be accepted is that the district magistrate made disposition by forefeiture on June 29, 1971. Pennsylvania Rule of Criminal Procedure 136, dealing with the failure of a defendant to appear for trial in summary cases and requiring that the trial be held in the absence of defendant if he fails to appear, became effective May 1, 1970. However, it was initially promulgated only for Bucks, Erie and Luzerne Counties and in such other judicial districts of the Commonwealth that shall order it to be so used. Mercer County, being the Thirty-fifth Judicial District, did not enter such an order until July 17, 1970. Even though there may have been a mistake as to the time of the April 16, 1970, hearing, there is no allegation of mistake as to the time of the June 11, 1970, hearing at 10 in the morning. There, petitioner likewise, according to the transcript, failed to appear and the forfeiture followed.

Wherefore, as the rules existed at the time of the hearings in this case, we conclude that the district magistrate is not in error. He was not required to, nor did he hold a hearing, nor was there any adjudication or determination of guilt. Wherefore, the writ of certiorari is dissolved and the prayer for relief of petitioner denied.

## ORDER

And now, April 19, 1972, petitioner's prayer for relief is denied and the writ of certiorari is dissolved.